UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOSEPH ABELLARD,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff(s),　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　 )　　　Case No. 4:10CV724 JCH
　　　　　　　　　　　　　　　　　)
BOEING COMPANY,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendant(s).　　　　　　　)

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Partial Motion to Dismiss, filed November 17, 2010. (Doc. No. 14). Plaintiff has not responded to the motion.

## BACKGROUND

On or about June 15, 2008, Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights, which was dually filed with the EEOC. The charge alleged discrimination on the bases of race, age and disability, and stated in its entirety as follows:

I.  I was hired by the above named employer in November 1995. My last position held was Engineer Specialist/Sr. Engineer. In December 2007 I went on medical leave. I returned to work on March 5, 2008. I worked through March 7, 2008 but was informed that I had not provided the required documents for a release to return to work. I provided the employer with a release to return to work from my Psychiatrist. I was told I had to get another release from my primary doctor.

II. I provided all of the required documents as instructed. Around March 26, 2008 I received a termination letter stating that I was terminated for being on leave illegally.

III. I believe that I have been discriminated against due to a record of and/or perceived disability. I also believe that I have been discriminated against due to my race (African American) and age (52). This is in violation of the Americans with Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.

(Doc. No. 1-1, P. 3). The EEOC issued Plaintiff a Notice of Right to Sue on January 25, 2010. (Id., PP. 1-2).

Plaintiff filed his Employment Discrimination Complaint ("Complaint" or "Compl.") in the instant matter on April 23, 2010. (Doc. No. 1). In describing the nature of his case, Plaintiff alleges the conduct complained of involves termination of his employment, failure to accommodate his disability, terms and conditions of his employment differed from those of similar employees, retaliation, harassment, and failure to transfer to another position/department[1]. (Id., ¶ 10). Plaintiff concedes he did not complain about this same conduct in his charge of discrimination. (Id.).

As stated above, Defendant filed the instant Partial Motion to Dismiss on November 17, 2010, asserting Plaintiff's claims for harassment, retaliation, failure to transfer, failure to accommodate, and being subjected to different terms and conditions of employment must be dismissed for failure to exhaust administrative remedies. (Doc. No. 14).

## STANDARD FOR MOTION TO DISMISS

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted, however, if the Complaint does not contain, "enough facts to state a claim

---

[1] Plaintiff elaborates upon this last claim as follows: "I applied for a transfer for over two years and never got it. Most people get a transfer when things are not working out." (Compl., ¶ 12).

to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted); Huang v. Gateway Hotel Holdings, 520 F.Supp.2d 1137, 1140 (E.D. Mo. 2007). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

## DISCUSSION

"Before a plaintiff may file a complaint in federal court alleging violations of the ADA, the ADEA, or Title VII, he must first exhaust his administrative remedies."[2] Wilkes v. Washington University School of Medicine, 2007 WL 1040929 at *2 (E. D. Mo. Apr. 3, 2007), citing Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005) (ADEA), Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996) (Title VII); Habib-Stevens v. Trans States Airlines, Inc., 229 F.Supp.2d 945, 946 (E.D. Mo. 2002) (ADA). In Parisi, the Eighth Circuit elaborated upon the administrative exhaustion requirement as follows:

> The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation. The proper exhaustion of administrative remedies gives the plaintiff a green light to bring [his or] her employment-discrimination claim, along with allegations that are 'like or reasonably

---

[2] "Exhausting administrative remedies requires timely filing a charge with the EEOC and receiving a right to sue letter." Wilkes, 2007 WL 1040929 at *2 (citation omitted).

> related' to that claim, in federal court. Although we have often stated that we will liberally construe an administrative charge for exhaustion of remedies purposes, we also recognize that there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made. The claims of employment discrimination in the complaint may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge.

Parisi, 400 F.3d at 585 (internal quotations and citations omitted). "A plaintiff may not raise in federal court allegations outside the scope of the EEOC charge." Hatton v. Accord Bldg. Services, L.L.C., 2010 WL 2540117 at *1 (E.D. Mo. Jun. 16, 2010) (internal quotations and citation omitted).

Upon consideration, the Court agrees with Defendant that Plaintiff's claims of harassment, retaliation, failure to transfer, failure to accommodate, and being subjected to different terms and conditions of employment must be dismissed, as they are not "reasonably related" to Plaintiff's original EEOC charge. Patterson v. Dayton Freight Lines, Inc., 2007 WL 4640520 at *2 (E.D. Mo. Dec. 31, 2007). Plaintiff's EEOC charge relates solely to alleged discrimination in connection with his termination in March, 2008. (Doc. No. 1-1, P. 3). Even liberally construing the charge, it cannot be said to encompass the allegations of harassment, retaliation, failure to transfer, failure to accommodate, and being subjected to different terms and conditions of employment found in the Complaint before this Court.[3] Wilkes, 2007 WL 1040929 at *3. As such, the Court finds Plaintiff has failed to exhaust his administrative remedies in regard to his claims of harassment, retaliation, failure to transfer, failure to accommodate, and being subjected to different terms and conditions of employment, and so the claims must be dismissed. Id.; see also Wedow v. City of Kansas City, Mo.,

---

[3] Specifically, the Court notes that in his EEOC charge Plaintiff makes no mention of a request for an accommodation, nor does he allege facts indicating Defendant harassed him, failed to transfer him, or otherwise subjected him to disparate terms and conditions of employment based on his race, age, perceived or record of disability, or any combination thereof. Furthermore, with respect to his claim of retaliation, Plaintiff alleges neither that he engaged in any protected activity, nor that his employment was terminated as a result of such engagement.

442 F.3d 661, 672-673 (8th Cir. 2006) (recognizing that retaliation claims are not reasonably related to underlying discrimination claims).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (Doc. No. 14) is **GRANTED**, and Plaintiff's claims of discriminatory harassment, retaliation, failure to transfer, failure to accommodate, and being subjected to different terms and conditions of employment are **DISMISSED**.

Dated this 23rd day of December, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE